UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DZ BANK AG DEUTSCHE ZENTRAL-
GENOSSENSCHAFTSBANK, FRANKFURT AM
MAIN, NEW YORK BRANCH,

    Plaintiff,
v.                    Case No. 8:09-cv-1216-T-33MAP

ANTHONY JAMES BROWN, LLC and
ANTHONY JAMES BROWN,
individually,

    Defendants.
_____/

**ORDER**

This cause is before the Court pursuant to Plaintiff's Motion for Default Judgment (the "Motion" Doc. # 12), filed on December 22, 2009. In the Motion, Plaintiff requests a judgment against Defendants in the amount of $240,816.55, (comprised of $217,408 in damages, interest in the amount of $21,207.88, and attorney's fees and costs in the amount of $2,199.77). Plaintiff supported the Motion with multiple affidavits. Defendants have not filed a response to the Motion and have not entered an appearance in this case. For the reasons that follow, the Court will grant the Motion.

I. **Procedural History**

Plaintiff filed its complaint alleging breach of contract and breach of guaranty against Defendants on June 29, 2009.

(Doc. # 1). On August 6, 2009, Plaintiff filed verified return of service documents showing that Defendants were served with the summons and complaint. (Doc. ## 6, 7). Defendants failed to plead or otherwise defend, and Plaintiff filed a motion for entry of Clerk's default on October 14, 2009. (Doc. # 9). The Clerk entered a default against each Defendant on October 15, 2009. (Doc. ## 10, 11). Plaintiff now moves for entry of a default judgment against Defendants in the total amount of $240,816.55, and Defendants have not responded.

## II. **Default Judgment**

Federal Rule of Civil Procedure 55(a) sets forth the following regarding an entry of default:

> (a) Entry. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter a party's default.

A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b)(2); DirecTV, Inc. v. Griffin, 290 F.Supp.2d 1340, 1343 (M.D. Fla. 2003).

The mere entry of a default by the Clerk does not, in

2

itself, warrant the Court entering a default judgment. See Tyco Fire & Sec. LLC v. Alcocer, 218 F. App'x 860, 863 (11th Cir. 2007) (citing Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)). Rather, a court must ensure that there is a sufficient basis in the pleadings for the judgment to be entered. Id. A default judgment has the effect of establishing as fact the plaintiff's well-plead allegations of fact and bars the defendant from contesting those facts on appeal. Id.

### III. **Analysis**

The complaint alleges that, on February 12, 2007, Brooke Credit Corporation ("BCC") and Defendant Anthony James Brown, LLC ("AJB, LLC") executed a promissory note bearing Loan No. 5936 (the "Original Loan"), in which BCC agreed to loan AJB, LLC $195,000. (Doc. # 1 at ¶ 6). On October 31, 2007, BCC and AJB, LLC executed a promissory note bearing Loan No. 6594, in which BCC agreed to refinance the Original Loan. (Doc. # 1 at ¶ 7). Defendant Anthony James Brown, individually, signed a personal guarantee of the loan. (Doc. # 1 at ¶ 8). BCC assigned the loan and personal guaranty to Brooke Credit Funding, LLC ("BCF") and BCF pledged the loan and personal guaranty to its lenders. (Doc. # 1 at ¶ 9). BFC's senior secured creditors are Autobahn Funding Company, LLC

3

("Autobahn") and Plaintiff DZ Bank, a bank registered under the laws of the Federal Republic of Germany that maintains a place of business in the United States in New York. (Doc. # 1 at ¶ 10). By written agreement, Autobahn appointed DZ Bank as its agent, authorizing DZ Bank to enforce its rights under the loan in DZ Bank's name. (Doc. # 1 at ¶ 10).

BCF defaulted on its obligations to DZ Bank. (Doc. # 1 at ¶ 11). On October 20, 2008, DZ Bank, BCC, and BCF entered into a Surrender of Collateral, Consent to Strict Foreclosure, Release and Acknowledgment Agreement. (Doc. # 1 at ¶ 12). Defendants AJB, LLC and Brown defaulted under the loan and personal guaranty. (Doc. # 1 at ¶ 15). DZ Bank demanded payment from Defendants, and Defendants failed and refused to pay. (Doc. # 1 at ¶ 16).

Plaintiff's detailed complaint contains sufficient factual allegations to establish Defendants' liability for the counts set forth therein. The amount of Plaintiff's damages is a sum certain that is calculable according to a set formula. Accordingly, a hearing on Plaintiff's damages is not required. See SEC v. Smyth, 420 F. 3d 1225, 1231 (11th Cir. 2005)("An evidentiary hearing is not a per se requirement; indeed, Rule 55(b)(2) speaks of evidentiary hearings in a permissive tone.")

Based upon the Clerk's defaults, the well-pleaded factual allegations contained in the complaint, and Plaintiff's detailed affidavits, the Court determines that the Motion is due to be granted. The Clerk is directed to enter the Judgment of the Court in Plaintiff's favor and against Defendants, jointly and severally, in the total amount of $240,816.55 (comprised of $217,408 in damages, interest in the amount of $21,207.88, and attorney's fees and costs in the amount of $2,199.77).

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff's Motion for Default Judgment (Doc. # 12) is **GRANTED**.

(2) The Clerk is directed to enter judgment against Anthony James Brown, LLC, and Anthony James Brown on all Counts in the original Complaint, jointly and severally, in the principal amount of **$217,408.90,** plus interest in the amount of **$21,207.88**, plus attorneys' fees and court costs in the amount of **$2,199.77**. The total amount of the Judgment is **$240,816.55.**

(3) Post-judgment interest shall continue at the contract default interest rate.

(4) The Clerk shall enter judgment accordingly and, thereafter, **CLOSE** the case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>23rd</u> day of February 2010.

*[signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Parties and Counsel of Record